IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELORES W. GIVENS,

      Plaintiff,　　　　　　　　　No. CIV S-12-0874 KJM KJN

  vs.

FEDERAL NATIONAL MORTGAGE　　ORDER
ASSOCIATES, et al.

      Defendants

                                 /

          On April 5, 2012, this case was removed from Sacramento County Superior Court and on April 11, defendants filed a motion to dismiss. ECF Nos. 1, 5. On April 20, 2012, plaintiff's counsel moved to withdraw and on April 29, 2012, the court granted the motion on the condition that counsel notify plaintiff that if she failed to oppose the motion to dismiss, the court might dismiss the action for failure to prosecute. The court also warned plaintiff of this possibility in its order relieving counsel and directed plaintiff to file any opposition or statement of non-opposition no later than June 22. ECF Nos. 13, 14. Plaintiff has failed to respond both to the court's order and to the pending motion to dismiss.

          Prior to dismissing for failure to prosecute under Rule 41(b), the court must consider the factors outlined in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986),

namely: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." "The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." *Id.*

First, the public has an interest in expeditious resolution of litigation. Here, plaintiff has failed to timely respond to the motion to dismiss even though the hearing has been rescheduled and she has been given additional time. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff's failure timely to prosecute her case has unreasonably prolonged what should be an early stage of the litigation. Plaintiff's current pro se status does not alter the analysis, because pro se litigants must abide equally by the federal and local rules. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986). Nor does the fact that plaintiff's counsel initially failed to respond, because he was seeking to withdraw following the breakdown in communications with his client. *See Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds*, *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987) ("[I]t must be remembered that Appellant voluntarily chose (his attorneys) as his representative(s) in the action, and he cannot now avoid the consequences of the acts or omissions of (these) freely selected agent(s).") (quotations and citations omitted). The first *Henderson* factor weighs in favor of dismissal.

Second, plaintiff's delays have interfered with management of this court's docket. The court has had to reschedule the motion upon plaintiff's failure timely to respond without being able to reach the merits of the case. *See Yourish*, 191 F.3d at 990 (finding the district court's interest in managing its docket strongly favored dismissal because "plaintiffs tardily filed their motion for a written order, requiring the district court to devote further time and resources to this matter rather than to the merits of an amended complaint."); *Chism*, 637 F.2d at 1332 ("Appellant showed continued disregard for his obligations to the court by late filing of

oppositions to [appellee's] motions. The local rules established time limits to provide the court adequate opportunity to consider papers filed by the parties. Appellant's disregard of these rules frustrated that salient purpose.") This second factor also weighs strongly in favor of dismissal.

Third, defendants have been prejudiced as they have spent time and money in an effort to defend a matter plaintiff has neglected. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996) (defendant's expenditure of resources to prepare for litigation plaintiff neglected constituted prejudice).

Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), "although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." The court finds this factor to be evenly balanced, despite the strong preference for resolution on the merits, given that plaintiff has failed to fulfill her responsibility of moving the case towards disposition on the merits at a reasonable pace and in good faith.

As for the fifth and final factor, "[t]he district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981)). Both the court and plaintiff's counsel warned plaintiff that failure to follow the federal and local rules could result in dismissal. ECF Nos. 13, 14. Given plaintiff's failure to respond to the court's order and her former counsel's letter, and the likelihood that monetary sanctions would have no impact, dismissal is appropriate. *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986) (finding dismissal appropriate after the court granted several pretrial conference continuances, plaintiff was not prepared for the conferences, and plaintiff was warned that failure to be prepared would result in a dismissal). The court finds this factor also favors dismissal.

*Henderson* factors one, two, three and five weigh in favor of the sanction of dismissal with prejudice, and factor four is evenly balanced. Given the court's warning to plaintiff concerning her duty to assume the responsibility to pursue her case, the court finds dismissal appropriate in the light of plaintiff's indifference. Plaintiff's claims are therefore DISMISSED. This case is closed.

        IT IS SO ORDERED.

DATED: July 2, 2012.

                                      UNITED STATES DISTRICT JUDGE